## W. H. KENNEDY *v.* THE STATE.

1. INDICTMENT — EVIDENCE.— Indictment for misdemeanor charged the commission of the offense on the 18th of August, and by the clerk's indorsement on the indictment it appeared to have been filed in court on that date. But the record entry of presentments by the grand jury showed that the indictment was returned into court on the 19th of August,— a date subsequent to that on which the commission of the offense was charged. *Held,* that the record entry of presentments was admissible for the purpose of showing the true date on which the indictment was presented by the grand jury.

2. SAME.— The prosecution was allowed to elicit from a witness the statement that the offense was committed before the presentment of the indictment. *Held,* that this was not amenable to the objection that it was the allowance of parol evidence to contradict or vary a record.

3. ASSAULTS.— On a trial for aggravated assault a conviction may yet be had for simple assault, though the Revised Penal Code omits the former provision expressly authorizing such convictions.

APPEAL from the County Court of Delta. Tried below before the Hon. C. S. NIDEVER, County Judge.

The appellant, on an indictment for aggravated assault, was convicted of simple assault and fined five dollars. The opinion states the matters involved in the rulings.

*E. B. Perkins,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

Winkler, J.   The indictment charging that the offense was committed on August 18, 1878, and appearing by its indorsement to have been filed in the District Court on that day, and the law prescribing the requisites of indictments requiring, among other things, that the time mentioned as the date of the offense must be some date anterior to the presentment of the indictment, it was undertaken by the prosecution to show that the offense was in fact presented in the District Court by the grand jury at a date posterior to the date of the file-mark of the clerk upon the indictment.   For this purpose the county attorney offered in evidence the certified transcript which accompanied the case when it was sent down from the District Court for trial in the County Court.   The court permitted the transcript to be read, over objection of the defendant, as shown by a bill of exceptions.

The court, in our opinion, did not err in permitting the transcript to be read as evidence on the trial.   Both the indictment, with the file-mark of the clerk of the District Court, and the transcript of the proceedings had in the District Court, were parts of the record of the case when it reached the County Court for trial, and were admissible in evidence on the question before the court, the transcript appearing to have been properly certified by the clerk of the court wherein the proceedings were had.

On the same subject and for a similar purpose the county attorney was permitted, over objection by the defendant, to ask a witness if the offense was committed before the presentation of the indictment.   Whilst it is true that parol evidence is not permissible to contradict or vary the terms of a written instrument, much less a solemn record of a court at the time accessible, still we do not understand that this testimony was offered for any such purpose.   To our minds, this testimony was sought to be introduced for the purpose of strengthening the State's theory of the question, that the transcript and not the

file-mark upon the indictment showed the true date of the presentation of the offense in and to the District Court by the proper grand jury. For this purpose the question was proper and the answer obtained was legitimate evidence, and the court did not err in permitting the question to be asked and answered. Says Mr. Wharton, " All facts that go either to sustain or impeach a hypothesis, logically pertinent, are admissible." Wharton's Crim. Ev. § 24, and authorities cited in note 2.

It is not shown by the statement of facts that the transcript of the record from the District Court was read as evidence on the trial. It is, however, shown by one of the bills of exception reserved at the trial that it was introduced over objection of the defendant; and that transcript being embraced in the transcript before us, it is entitled to be considered as a part of the evidence in the case. In passing upon the testimony we are of opinion the transcript shows that the prosecution was presented on August 19, 1879, and not on August 18, 1879, as shown by the file-mark of the clerk on the indictment; and therefore the offense was prosecuted by indictment at a date subsequent to the alleged date of its commission.

It is claimed in the defendant's motion for a new trial that the court erred in permitting the introduction of testimony tending to convict the defendant of an aggravated assault and battery when the jury had acquitted of an aggravated assault. If such were in fact the case, which it is not perceived, the fact should be shown from the statement of facts or by a proper bill of exception set out in the record on appeal; neither of which appears to have been done in the present case. It is true the record shows that the defendant was charged with an aggravated assault and that he was convicted of a simple assault. This was permissible under the law, and, though the contrary has heretofore been urged before this court, has been so decided. *Harrison* v. *State*, 10 Texas Ct. App. 93.

The motions for a new trial and in arrest of judgment appear to be based mainly on supposed errors in admitting evidence, which we have already noticed.    We fail to find any such error in the ruling of the court on either motion as would warrant a reversal of the judgment.    It is therefore affirmed.

*Affirmed.*